**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HUNG DUONG NGUON, | No. CIV S-10-0411-WBS-CMK-P |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| KATHLEEN L. DICKINSON, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the denial of parole in April 2009. Pending before the court is respondent's motion to dismiss (Doc. 16).

**I.  BACKGROUND**

Petitioner challenged the April 2009 denial of parole by way of a habeas petition filed in the Solano County Superior Court. The state court characterized petitioner's claims as follows: "[Petitioner] claims that the Life Prisoner Evaluation Report, which is presented to the Board of Parole Hearings (Board) for use at that hearing, contains inaccurate facts." The state court denied relief, concluding that petitioner ". . . provides no authority for the position that

inaccuracies in his Board Report, without more, violate any right." The state court also noted that petitioner had not yet completed the parole suitability process: "Petitioner must first complete the parole suitability process and thus ascertain how, or if, the Board uses the information alleged to be inaccurate." Rather than waiting for the eligibility process to be completed, petitioner filed a habeas petition with the California Court of Appeal, which summarily denied relief. Petitioner then filed a petition for review with the California Supreme Court which was also summarily denied.

## II. DISCUSSION

Respondent argues, among other things, that petitioner has failed to exhaust state court remedies. Under 28 U.S.C. § 2254(b), the exhaustion of available state remedies is required before claims can be presented to the federal court in a habeas corpus case. See Rose v. Lundy, 455 U.S. 509 (1982); see also Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003); Hunt v. Pliler, 336 F.3d 839 (9th Cir. 2003). "A petitioner may satisfy the exhaustion requirement in two ways: (1) by providing the highest state court with an opportunity to rule on the merits of the claim . . .; or (2) by showing that at the time the petitioner filed the habeas petition in federal court no state remedies are available to the petitioner and the petitioner has not deliberately by-passed the state remedies." Batchelor v. Cupp, 693 F.2d 859, 862 (9th Cir. 1982) (citations omitted). The exhaustion doctrine is based on a policy of federal and state comity, designed to give state courts the initial opportunity to correct alleged constitutional deprivations. See Picard v. Connor, 404 U.S. 270, 275 (1971); see also Rose, 455 U.S. at 518.

Regardless of whether the claim was raised on direct appeal or in a post-conviction proceeding, the exhaustion doctrine requires that each claim be fairly presented to the state's highest court. See Castille v. Peoples, 489 U.S. 346 (1989). Although the exhaustion doctrine requires only the presentation of each federal claim to the highest state court, the claims must be presented in a posture that is acceptable under state procedural rules. See Sweet v.

1  Cupp, 640 F.2d 233 (9th Cir. 1981).  Thus, an appeal or petition for post-conviction relief that is
2  denied by the state courts on procedural grounds, where other state remedies are still available,
3  does not exhaust the petitioner's state remedies.  See Pitchess v. Davis, 421 U.S. 482, 488
4  (1979); Sweet, 640 F.2d at 237-89.[1]

5           Citing Pitchess, respondent argues that petitioner has failed to exhaust state court
6  remedies because he has not presented his claim to the state courts in a procedurally sufficient
7  manner.  The court agrees.  As the state court concluded, petitioner's claim was procedurally
8  premature in that, at the time his state habeas action was considered, the Board had not yet made
9  any determination as to parole eligibility.  Therefore, it was impossible for the state court to
10 evaluate whether the Board impermissibly relied on inaccurate information in making a decision.
11 The state court denied relief on this procedural basis, without prejudice to petitioner's ability to
12 re-file after the Board made a decision.  Because the state court denied relief on procedural
13 grounds, and because other state remedies were available at the time, petitioner failed to exhaust
14 his claim and the petition must be dismissed.
15 / / /
16 / / /
17 / / /
18 / / /
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /

---

[1] This situation of procedural deficiency is distinguishable from a case presented to the state court using proper procedures but where relief on the merits is precluded for some procedural reason, such as untimeliness or failure to raise the claim on direct appeal.  The former represents an exhaustion problem; the latter represents a procedural default problem.

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends that:

1. Respondent's motion to dismiss (Doc. 16) be granted; and

2. The Clerk of the Court be directed to enter judgment and close this file.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 27, 2010

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE